UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. SORENSON SMITH,

    Plaintiff,

v.                                       Case No:   2:13-cv-502-FtM-38CM

RJM ACQUISITIONS FUNDING, LLC,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 27) filed on May 30, 2014. In response, Plaintiff filed a Motion to Strike Defendant's Motion for Summary Judgment and Response to Defendant's Motion for Summary Judgment on June 5, 2014. (Doc. 29). Thereafter, Defendant filed an Opposition to Plaintiff's Motion to Strike on June 19, 2014. (Doc. 30). These matters are now ripe for review.

Defendant RJM moved for summary judgment. Plaintiff Smith opposes the motion because the discovery stage of this litigation has not closed. Currently, the discovery deadline is expected to end on July 7, 2014. (See Doc. 23). Smith argues additional discovery is needed to create a viable argument against RJM's motion for summary

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

judgment. Smith also asserts Smith has been unable to set depositions because RJM has not cooperated. Furthermore, since the filing of RJM's summary judgment motion, Smith has requested more time to conduct discovery. (See Doc. 31).

Upon consideration, the Court finds RJM's motion is premature because the discovery stage of litigation has not been completed. Snook v. Trust Co. of Ga. Bank, 859 F.2d 865 870 (11th Cir. 1988) ("Generally summary judgment is inappropriate when the party opposing the motion has been unable to obtain responses to discovery requests."). Smith has a right to factually investigate the claims in this matter. Blumel v. Mylander, 919 F. Supp. 423, 429 (M.D. Fla. 1996). After the parties have had the opportunity to complete discovery, RJM may reassert the arguments contained in its motion for summary judgment, along with any new arguments based on discovery. Sanborn v. Jagen Pty. Ltd., No. 8:10-cv-142-T-30MAP, 2010 WL 1730756, at*3 (M.D. Fla. Apr. 28, 2010). But, at this stage the motion for summary judgment is inappropriate. The Court's decision is in good company. See Blumel, 919 F. Supp. at 429 (finding motion for summary judgment filed prior to the close of discovery was blatantly premature and cautioning counsel that premature motion borders on violation Rule 11 of the Federal Rules of Civil Procedure); Duldulao v. Sunshine Rest. Merger Sub, LLC, No. 8:11-cv-1412-T-33MAP, 2011 WL 6055954, at *2 (M.D. Fla. Dec. 6, 2011) (same); Sanborn, 2010 WL 1730756, at*3 (same); Galligan v. Raytheon Co., No. 8:08-cv-2427-T-33TGW, 2009 WL 2985689 (M.D. Fla. Sept. 15, 2009) (same).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion for Summary Judgment (Doc. 27) is **DENIED without prejudice**.

2. Plaintiff's Motion to Strike Defendant's Motion for Summary Judgment (Doc. 29) is **GRANTED**.

3. Parties are directed to comply with the standing order going forward and provide courtesy copies to the Court appropriately. (See Doc. 3). Parties are also directed to file exhibits as separate attachments to an underlying motion or response, rather than as one larger document.

**DONE** and **ORDERED** in Fort Myers, Florida this 20th day of June, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record