UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

TERRY L. SORENSON SMITH,

    Plaintiff,

v().                                                          Case No: 2:13-cv-502-FtM-38CM

RJM ACQUISITIONS FUNDING, LLC,

    Defendant.

## ORDER

Before the Court is Plaintiff's Motion to Extend the Deadlines Contained in the Civil Case Plan and Order Deadlines ("Motion for Extension") (Doc. 31), filed on June 19, 2014, and Plaintiff's Motion to Compel Mediation ("Motion to Compel") (Doc. 32), filed on June 20, 2014, and Defendant's Response to Plaintiff's Motion to Compel Mediation (Doc. 34), filed on July 3, 2014.

    I.    *Plaintiff's Motion for Extension*

Plaintiff requests that the Court extend the discovery deadline[1] until August 31, 2014 and the deadlines for disclosure of expert reports until thirty days following the discovery deadline. Doc. 31 at 1. Although the Local Rule 3.01(g) certification indicates that Defendant opposes the motion, no opposition was filed and the time for doing so has expired.

---

[1] Plaintiff specifically requests extension of the "discovery deadline for fact witnesses" but the Case Management and Scheduling Order does not provide separate deadlines for fact and expert discovery. The Court therefore construes this as a request to extend the deadline for completing all discovery.

The Case Management and Scheduling Order (Doc. 23) states "[m]otions for an extension of other deadlines contained in this order, including motions for an extension of the discovery period, are disfavored" and "[t]he movant must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery." Doc. 23 at 4. At the outset, the Court notes that the Case Management and Scheduling Order established January 6, 2014 as the deadline for Plaintiffs disclosure of expert reports and February 6, 2014 as the deadline for Defendant's disclosure of expert reports. Doc. 23 at 1. Upon review of the docket, the parties neither requested nor were granted extensions of those deadlines, and thus it is unclear why the disclosures have not already occurred in accordance with the deadlines established by the Court. It is also unclear why Plaintiff failed to disclose the report in the approximately six months that have passed since the expiration of the deadline.

Rule 6, Federal Rules of Civil Procedure, "requires a showing of 'excusable neglect' for an extension of a passed deadline." *Auto-Owners Ins. Co. v. Ace Elec. Serv., Inc.*, 648 F.Supp.2d 1371, 1375 (M.D. Fla. 2009); Fed. R. Civ. P. 6(b)(1)(B). Plaintiff's counsel's purported reason for seeking extension of the expert disclosure deadlines—other appellate and litigation matters requiring attention—does not constitute excusable neglect which would allow the Court to extend those deadlines. Although the Motion for Extension was filed prior to the discovery deadline, and therefore the standard of "good cause" rather than "excusable neglect" applies, the

fact that Plaintiff's counsel has other pending matters requiring attention is arguably not good cause for seeking an extension, either.

Furthermore, Plaintiff has not requested an extension of the dispositive motions deadline. Extending the discovery deadline to August 31, 2014 without a corresponding extension of the dispositive motions deadline will require the parties to file dispositive motions prior to the close of discovery. The Court denied Defendant's Motion for Summary Judgment on grounds that it was prematurely filed prior to the close of discovery. *See* Doc. 33 at 2. Thus, the Court will not now extend the deadlines to require such premature filing. Without an extension, however, discovery will close immediately.

Therefore, in light of Plaintiff's Motion for Extension, the need to extend additional deadlines and Defendant's failure to respond to Plaintiff's Motion for Extension, the parties are ordered to meet and confer no later than July 21, 2014 to determine mutually-agreeable deadlines for the remaining case management deadlines and those passed deadlines sought to be extended and file a proposed case management plan with the Court no later than July 25, 2014. The parties may meet and confer by telephone in order to determine mutually agreeable dates to be set forth in the parties' proposed case management plan.

II. *Plaintiff's Motion to Compel*

Plaintiff requests that the Court enter an order compelling Defendant to participate in mediation and requiring the parties to mediate within thirty (30) days of the entry of that order. Doc. 32 at 3. In support of the motion, counsel for

Plaintiff states that he has "attempted on at least three occasions to schedule mediation with the Defendant, only to not have emails or telephone calls returned" and informs the Court that "the most current response from Defense counsel . . . was simply to state that mediation could be scheduled only after their Motion for Summary Judgment is ruled on." Doc. 32 at 1, 2. The motion to compel also states that the selected mediator, James Nulman, does not have any dates available prior to the July 10, 2014 mediation deadline. Doc. 32 at 2; *see* Doc. 23.

Defendant responds that it never represented it was unwilling to participate in mediation, but instead sought to postpone mediation until after the Court ruled on its summary judgment motion to avoid incurring unnecessary expenses. Doc. 34 at 1. A refusal to mediate prior to the Court's resolution of pending summary judgment motions is not good cause for a failing to meet the Court's mediation deadline. *See Flynn v. Polk County*, No. 8:11-cv-2054-T-33AEP, 2013 WL 425834, at *2 (M.D. Fla. Feb. 4, 2013) ("[T]he mere fact that a summary judgment motion is pending does not provide good cause for further extending the mediation deadline and delaying the trial . . . .").

Since Plaintiff's Motion to Compel was filed, the Court denied Defendant's Motion for Summary Judgment. *See* Doc. 33. An extension of the mediation deadline is nevertheless required given Plaintiff's representation that the selected mediator is not available prior to the current deadline. The Court will therefore grant Plaintiff's Motion to Compel and require the parties to mediate no later than August 10, 2014.

ACCORDINGLY, it is hereby

**ORDERED:**

1. Plaintiff's Motion to Extend the Deadlines Contained in the Civil Case Plan and Order Deadlines (Doc. 31) is **TAKEN UNDER ADVISEMENT**. The parties are ordered to meet and confer no later than July 21, 2014 and submit a proposed case management plan to the Court no later than July 25, 2014. The parties may meet telephonically for the purpose of preparing the case management plan.

2. Plaintiff's Motion to Compel Mediation (Doc. 32) is **GRANTED**. The parties are ordered to mediate **no later than August 10, 2014**.

**DONE** and **ORDERED** in Fort Myers, Florida on this 10th day of July, 2014.

CAROL MIRANDO
United States Magistrate Judge

Copies:

Counsel of record